IN THE UNITED STATES DISTRICT COURT
FOR THESOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARCOS GALLEGOS | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. _____ |
| | § | (Nueces County Cause No.: 2022CCV-61278-4 |
| LOWE'S HOME CENTERS, LLC | § | |
| AND LOWE'S COMPANIES, INC. | § | |
| *Defendants.* | § | |

## NOTICE OF REMOVAL

Defendant, Lowe's Home Centers, LLC, (herein after "Defendant" or "LHC") by counsel, hereby removes this action from Nueces County Court at Law, in Corpus Christi, Texas, to the United States District Court for the Southern District of Texas pursuant to §§ 1332, 1441, and 1446 of Title 28 of the United States Code.

### I.    NATURE OF REMOVED ACTION

1.    Plaintiff, Marcos Gallegos, commenced this action on or about October 11, 2022, by filing his complaint in the Nueces County Court at Law, Civil Action 2022CCV-61278-4. Defendant LHC was served with the Complaint on October 13, 2022. Plaintiff subsequently filed his First Amended Petition on November 9, 2022.

2.    Plaintiff alleges that on or about December 5, 2020, he tripped over a piece of a wooden pallet near the entrance of the Lowe's store located at 1530 Airline Road, Corpus Christi, Texas, and sustained personal injuries.

3.    Plaintiff asserts a negligence claim against Defendants LHC, Lowe's Home Companies, Inc. ("LCI"), John Doe I, and John Doe II.

1

4.      Pursuant to LR81, all papers and matters filed in the state court are attached hereto as **Exhibit A**, more specifically, as follows:

Exhibit A-1:    Plaintiff's Original Petition

Exhibit A-2:    Citation

Exhibit A-3:   Lowe's Home Centers' Original Answer

Exhibit A-4:   Plaintiff's First Amended Petition

Exhibit A-5:   State Court Docket Sheet

A list of all counsel of record is attached as **Exhibit B**. The index to LHC's Notice of Removal being filed is attached as **Exhibit C**.

## II.    TIMELINESS OF REMOVAL

5.      This Notice of Removal is timely under 28 U.S.C. § 1446(b) because the same was filed withing thirty (30) days after receipt of the initial pleading setting forth the claim for relief upon which the proceeding is based. Further, this Notice of Removal is filed within one year of the commencement of this action.

6.      A notice of Filing of Notice of Removal will be filed promptly with the Clerk of the District Court of Nueces County, Texas.

7.      A copy of the Notice of Filing of Notice of Removal will also be served upon counsel for the Plaintiff, together with a copy of this Notice of Removal, contemporaneously with filing the same with the Clerk of the District Court of Nueces County, Texas.

## III.    PROPRIETY OF VENUE

8.      Venue is proper in this District and Division under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this District and Division.

## IV.    BASIS OF REMOVAL

9.      Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties. For purposes of diversity jurisdiction analysis, and as described below, Plaintiff is a citizen of Texas and Defendants LHC and LCI are citizens of North Carolina. There is complete diversity.

10.     Plaintiff is an individual who is a citizen and resident of Texas.

11.     For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of each of its members. *Greenwich Ins. Co. v. Capsco Indus., Inc.*, 934 F.3d 419, 422 (5th Cir. 2019). The individual member's citizenship is determined by a physical presence in a location and the intent to remain there, or at least the absence of any intention to go elsewhere. *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996). A corporation is a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Huggins v. YCI Methanol One, LLC*, 477 F. Supp. 590, 592 (S.D. Tex. 2020).

12.     Defendant, LHC, is and was at the time of the filing of the complaint a foreign limited liability company whose sole member is a corporation which was incorporated in North Carolina with a principal place of business in North Carolina. Because LHC's sole member is not a citizen of Texas, LHC is not a citizen of Texas.

13.     Pursuant to 28 U.S.C. § 1441(b)(1), "the citizenship of defendants sued under fictitious names shall be disregarded. Therefore, the citizenships of John Doe I and John Doe II are irrelevant for purposes of diversity.

14.     Lastly, LCI is a corporation that is incorporated in the state of North Carolina. Additionally, LCI maintains its headquarters and principal place of business in North Carolina.

Therefore, LCI is not a citizen of Texas. Because the Plaintiff does not share citizenship of the same state as any relevant defendants, complete diversity is satisfied.

### V.   AMOUNT IN CONTROVERSY

15.    Next, the amount in controversy exceeds $75,000. In his petition, Plaintiff states that he "seeks monetary relief over $1,000,000" or in the alternative "monetary relief under $1,000,000, but in excess of $200,000. *See* **Exhibit A-1**, Pl. Orig. Pet., p. 2. Thus, the amount in controversy is sufficient to establish the diversity jurisdiction of this Court. *See* U.S.C. § 1446(c)(2).

16.    This Court has original jurisdiction of this civil action because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Accordingly, this action is removable to this Court.

17.    Plaintiff demanded a jury in the state court suit.

### <u>PRAYER</u>

WHEREFORE, Defendant, LHC, submits that this matter is properly removed from the County Court at Law of Nueces County, Texas to this Court.

Respectfully submitted,

By: */s/ Catherine Funkhouser*
       Catherine V. Funkhouser
       *Attorney-in-Charge*
       State Bar No.: 24037307
       Southern District No.: 38779
       Cate.funkhouser@steptoe-johnson.com
       Brice P. Phillips
       State Bar No.: 24125358
       Southern District No.: PENDING
       brice.phillips@steptoe-johnson.com
STEPTOE & JOHNSON PLLC
1780 Hughes Landing Boulevard, Suite 750
The Woodlands, Texas   77380
281.203.5700
281.203.5701 (facsimile)
***Attorneys for Defendant,***
***Lowe's Home Centers, LLC.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th Day of November, 2022, a true and correct copy of the

foregoing instrument has been forwarded to all parties listed below via e-service, first class mail,

certified mail, return receipt requested, email and/or via facsimile:

Nicholas A. Monroe                                          *Via E-service*
BANDAS LAW FIRM, P.C.
2211 Norfolk, Suite 620
Houston, Texas 77098
nmonroe@bandaslawfirm.com


/s/ *Catherine Funkhouser*_____
Catherine V. Funkhouser

# EXHIBIT A

# EXHIBIT A-1



# Notice of Service of Process

**LDD / ALL**
**Transmittal Number: 25724436**
**Date Processed: 10/14/2022**

| | |
|---|---|
| **Primary Contact:** | Heather McClow<br>Lowe's Companies, Inc.<br>1000 Lowes Blvd<br>Mooresville, NC 28117-8520 |

| | |
|---|---|
| **Entity:** | Lowe's Home Centers, LLC<br>Entity ID Number 2515365 |
| **Entity Served:** | Lowe's Home Centers, LLC |
| **Title of Action:** | Marcos Gallegos vs. Lowe's Home Centers, LLC |
| **Matter Name/ID:** | Marcos Gallegos vs. Lowe's Home Centers, LLC (13075409) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Nueces County Court at Law, TX |
| **Case/Reference No:** | 2022CCV-61278-4 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 10/13/2022 |
| **Answer or Appearance Due:** | by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Bandas Law Firm, P.C.<br>713-979-5200 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

10 / 13 / 22
BY: _JM_   PSC: 20023
ATX Process, LLC



**Citation for Personal Service –RESIDENT**

Case Number: <u>**2022CCV-61278-4**</u>

THE STATE OF TEXAS

NOTICE TO DEFENDANT:   You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

TO:   **Lowe's Home Centers, LLC et al**
**Plaintiff via Agent, Corporation Service Company dba CSC Lawyers Incorporating Service**
**211 E. 7th Street, Suite 620**
**Austin, Texas 78701**
the Defendant,

GREETING:  You are commanded to appear by filing a written answer to the **Plaintiff's Original Petition With Attached Covid Standing Orders And Notice** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the <u>**Honorable Mark H. Woerner**</u>, <u>**County Court at Law #4**</u> of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said **Petition** was filed on the 11th day of October, 2022.  A copy of same accompanies this citation.
The file number of said suit being Number:   **2022CCV-61278-4**

The style of the case is:  **Marcos Gallegos vs. Lowe's Home Centers, LLC, Lowe's Companies, Inc.**

Said Petition was filed in said court by **Nicholas A. Monroe**, attorney for Plaintiff, whose address is 2211 Norfolk Ste. 620, Houston, Tx 77098.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirement of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Corpus Christi, Texas, this 13th day of October, 2022.

**ANNE LORENTZEN, DISTRICT CLERK**
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401
10/13/2022 10:21:50 AM
BY: _Laura G Munoz_ , Deputy
Laura Munoz

## RETURN OF SERVICE

2022CCV-61278-4

**MARCOS GALLEGOS**
**VS.**
**LOWE'S HOME CENTERS, LLC,**
**LOWE'S COMPANIES, INC**

COUNTY COURT AT LAW #4

_____
Name

**ADDRESS FOR SERVICE**
**Lowe's Home Centers, LLC et al**
Plaintiff via Agent, Corporation Service Company dba CSC Lawyers Incorporating Service
211 E. 7Th Street, Suite 620
Austin, Texas 78701

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ____ m., and executed in
_____ County, Texas by delivering to the within named defendant in person, a true copy of this citation with the
date of delivery endorsed thereon, together with the accompanying copy of the _____
_____, at the following times and places, to-wit:

| NAME | DATE/TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|------|-----------|-------------------------------------------|
|      |           |                                           |

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being:
_____

and the cause of failure to execute this process is:
_____

and the information received as to the whereabouts of said defendant(s) being:
_____

| Fees: | | | |
|-------|---|---|---|
| Serving Petition and Copy | $_____ | _____, | Officer |
| Total | $_____ | By _____, | County, Texas |
|       |            |                                | Deputy |

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The
signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the
return shall be signed under penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my
                (First, Middle, Last)
address is _____
                (Street, City, State, Zip, Country)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of
of _____, 20_____.

_____
Declarant / Authorized Process Server

_____
ID# & Expiration of Certification

Filed
10/11/2022 1:57 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

2022CCV-61278-4

CAUSE NO._____

| | | |
|---|---|---|
| **MARCOS GALLEGOS** | § | **IN THE COUNTY COURT** |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **AT LAW NO. _____** |
| | § | |
| **LOWE'S HOME CENTERS, LLC** | § | |
| **AND LOWE'S COMPANIES, INC.** | § | |
| *Defendant,* | § | **NUECES COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Marcos Gallegos hereinafter sometimes referred to as "Plaintiff", and files this Original Petition complaining of Defendant LOWE'S HOME CENTERS, LLC and LOWE'S COMPANIES, INC. hereinafter called "Defendants," and in support would show the Court as follows:

### I.    Discovery

1.1    Pursuant to the Texas Rules of Civil Procedure Sections 190.1 and 190.3, the discovery of this case is to be conducted under Discovery Control Plan Level 2.

### II.    Parties and Service

2.1    Plaintiff Marcos Gallegos is a resident of Texas.

2.2    Defendant Lowe's Home Centers, LLC (hereinafter "LOWE'S HOME") is a foreign limited liability company organized and existing under the laws of North Carolina, but doing business in the State of Texas, whose principal place of business is located at 1000 Lowe's Blvd., TAX52, Mooresville, NC 28117. Defendant LOWE'S HOME may be served by serving its registered agent, Corporation Service Company, dba CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

2.3     Defendant Lowe's Companies, Inc. (hereinafter "LOWE'S COMPANIES") is a foreign corporation, organized and existing under the laws of North Carolina, but doing business in the State of Texas, and whose principal place of business is located at 1605 Curtis Bridge Road, Wilkesboro, NC 28697.   Defendant LOWE'S COMPANIES may be served by serving its registered agent, Corporation Service Company, dba CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### III.     Jurisdiction and Venue

3.1     This Court has jurisdiction in this cause since the damages to Plaintiff are within the jurisdictional limits of this Court.

3.2     Pursuant to §15.001 et seq. of the Texas Civil Practice and Remedies Code, this venue is proper because Nueces County is where all or a substantial part of the events or omissions giving rise to this claim occurred.   Further, this venue is proper because it best serves the convenience of the parties and witnesses, as well as the interests of justice.

3.3     Plaintiff has satisfied all conditions precedent to bringing this lawsuit.

3.4     Plaintiff did nothing to cause or contribute to this occurrence.

3.5     Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks recovery of damages for monetary relief over $1,000,000.  In the alternative, Plaintiff seeks recovery of damages for monetary relief under $1,000,000, but in excess of $200,000.

### IV.     Agency

4.1     Wherever in this Petition it is alleged that Defendants did any act or thing, it is meant that Defendants' officers, agents, servants, employees, or representatives did such an act or thing and that at the time such act or thing was done, it was done with the full authority or ratification of or by Defendants, or was done in the normal and routine course and scope of

employment or official duties and in furtherance of the duties of their office or employment of Defendants' officers, agents, servants, employees, or representatives.

**V.     Facts**

5.1     On or about December 5, 2020. Plaintiff was a guest at Defendants LOWE'S HOME and/or LOWE'S COMPANIES' store located at 1530 Airline Road in Corpus Christi, Texas. Next to the entrance to the store was a pallet of packaged wood pieces. A piece of broken wood stuck out from the pallet and created a dangerous hazard for customers entering and leaving the store. Defendants LOWE'S HOME and/or LOWE'S COMPANIES knew or should have known of the dangerous condition if it had performed a reasonable inspection near the entranceway of the store. Because Defendants LOWE'S HOME and/or LOWE'S COMPANIES failed to adequately warn of the condition and/or failed to make the condition reasonably safe, Plaintiff tripped over the piece of broken wood that had been sticking out and suffered serious personal injuries.

**VI.     Respondeat Superior**

6.1     The Defendant named herein at all times acted through their agents, servants and employees and is therefore liable for their negligent acts and omissions under the doctrine of *respondeat* superior.

**VII.     Causes of Action**

7.1     The condition of the broken piece of wood near Defendants' store entranceway posed an unreasonable risk of harm to Plaintiff on the date of the incident. Defendants had a duty to make the premises reasonably safe to invitees, such as Plaintiff. Defendants knew, or reasonably should have known, of the danger posed by the defective condition. Defendants had actual knowledge of the dangerous condition, or they should have known through reasonable inspection,

Plaintiff's Original Petition                                                                          P. 3

yet they failed to exercise ordinary care to protect Plaintiff from the danger by failing to make the condition reasonably safe.

7.2    As a result of Defendants' acts of negligence as set out above, Plaintiff suffered significant injuries.

## VIII.    Causation

8.1    The incident made the basis of this suit and the resulting injuries and damages to Plaintiff were proximately caused by the negligent acts of omission and/or commission of the Defendants, their agents, servants and/or employees who were acting within the course and scope of their employment.

## IX. Damages

9.1    As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of Defendants, Plaintiff sustained significant injuries and damages in the past and will, in reasonable probability, sustain these damages in the future.

9.2    Plaintiff respectfully requests that the trier of fact determine the amount of his damages and losses that he has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

      a.    past and future physical pain and suffering and mental anguish;

      b.    past and future disfigurement;

      c.    past and future physical impairment;

      d.    past and future medical care expenses;

      e.    past and future loss of earning capacity; and

      f.    past and future out-of-pocket economic losses.

9.3    Because of all of the above and foregoing, Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of the Court in which Plaintiff now brings suit.

9.4    Plaintiff seeks both pre-judgment and post-judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which he may be entitled.

## X. Preservation of Evidence

10.1    Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs; videotapes; audiotapes; recordings; business or medical records; bills; estimates; invoices; checks; measurements; correspondence; memoranda; files; any item which has been removed from the premises which was involved in the incident; facsimile; email; voicemail; text messages; investigation; cellular telephone records; calendar entries; and any electronic image, data, or information related to Plaintiff, the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute spoliation of the evidence.

## XI. Jury Demand

11.1    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff respectfully requests and demands a trial by jury. The appropriate jury fee is tendered with the filing of this pleading.

## XII. Rule 193.7 Notice

12.1    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against the Defendants producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

**Prayer**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Plaintiff recovers damages in accordance with the evidence, that Plaintiff recovers costs of court herein expended, that Plaintiff recovers interest to which Plaintiff is justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

By:     */s/ Nicholas A. Monroe*
Nicholas A. Monroe
Texas Bar No. 24108917
nmonroe@bandaslawfirm.com
BANDAS LAW FIRM, P.C.
2211 Norfolk, Suite 620
Houston, Texas 77098
Telephone: (713) 979-5200
Facsimile: (361) 698-5222
Attorney for Plaintiff

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Marie Soto on behalf of Nicholas Monroe
Bar No. 24108917
msoto@bandaslawfirm.com
Envelope ID: 69105495
Status as of 10/12/2022 2:32 PM CST
Associated Case Party: Marcos Gallegos

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nicholas Monroe | | nmonroe@bandaslawfirm.com | 10/11/2022 1:57:16 PM | SENT |
| Marie Soto | | msoto@bandaslawfirm.com | 10/11/2022 1:57:16 PM | SENT |

# <u>NOTICE</u>

As a result of COVID-19

**<u>ALL COURTS</u>** are

having ALL hearings

remotely using ZOOM.


Please contact the respective Court

for further instructions.

Misc. No. _____

## NUECES COUNTY STANDING ORDERS ON REMOTE PROCEEDINGS IN CIVIL, FAMILY AND FELONY CRIMINAL CASES

These Standing Orders on Remote Proceedings in Civil, Family and Felony Criminal Cases were unanimously adopted by the Nueces County District Judges during a specially held meeting on April 16, 2020. These orders are effective on April 16, 2020 and shall remain in effect until the Governor of the State of Texas and/or The Supreme Court of Texas lifts all emergency orders and/or the orders are revoked by the Board of Judges.

**WE, THE UNDERSIGNED NUECES COUNTY DISTRICT JUDGES AND TITLE IV-D JUDGE, FIND:**

1. Governor Abbott declared a State of Emergency for the State of Texas regarding the COVID-19 Virus;
2. The Supreme Court of Texas issued multiple emergency Orders regarding the COVID-19 State of Disaster, requiring measures to help mitigate the spread of COVID-19 to protect the health and welfare of all; and
3. Nueces County adopted The Order to Stay at Home.

**IT IS THEREFORE ORDERED:**

**A. All jury trials are hereby cancelled and will resume on June 1, 2020.**

**B. All essential and non-essential hearings will be held via Zoom and/or CourtCall videoconferencing until further order of the courts.**

**C. The general requirements for remote Civil, Family and Criminal proceedings are as follows:**

**1.    Notification of Information for Remote Proceeding**

When a court proceeding is scheduled, the court will e-mail the parties, through their attorneys, if represented, the information needed to attend the proceeding by Zoom and/or CourtCall video conferencing.

Each attorney or self-represented party **shall** communicate this information to the attorney's clients and witnesses, including any witnesses the attorney subpoenaed for the proceeding, and **shall** provide each such person with a copy of this order.

**2.    Use of Real Names**

In all communications with the court and during the court proceeding, including when joining a Zoom meeting and/or CourtCall video conferencing, each party, attorney, witness, or other persons attending the proceeding shall use that person's real name when identifying him or herself. Any party not identified properly will not be allowed access to the hearing.

3.    **Interpreter**

A self-represented party or attorney acting on a party's behalf **shall** contact the court coordinator as soon as possible, but not less than 48 hours, after the court proceeding is scheduled if an interpreter will be needed.

4.    **Necessary Hardware and Software**

At least 48 hours before the proceeding, each party, attorney, witness or other person attending the proceeding **shall** create a zoom account at https://zoom.us/home and/or contact CourtCall (888-882-6878) to schedule the hearing.

The person **shall** create the account using the person's legal name and the person's real e- mail address. For each attorney, that e-mail address **shall** be the same as the one described in Rule 21(f)(2) of the Texas Rules of Civil Procedure.

At least 48 hours before the proceeding, each person **shall** download and install the Zoom app on a compatible device (e.g., computer, smart phone, tablet) that the person intends to use to communicate with the court during the proceeding and/or have CourtCall videoconferencing enabled.

The device must have a functional speaker, video camera, microphone, and a reliable internet, or data, connection.

If a person, including a witness, knows he or she cannot attend the proceeding by video, that person or that person's attorney, if represented, **shall** contact the court as soon as possible, but not later than 48 hours before the proceeding. The person or that person's attorney if represented, **shall** join the meeting telephonically and show good cause for failure to appear by video at the proceeding.

6.    **Submission of Exhibits by e-filing and to the Parties**

To be potentially admissible into evidence, all exhibits, other than rebuttal exhibits, **shall** be e-filed with the District Clerk and copies transmitted to all parties not later than 48 hours before the court proceeding in the manner required in subsection (7) herein. If the exhibits are note-filed within that time period, those exhibits will not be admissible during the hearing.

7.    **Format of Exhibits**

Any party needing to admit either exhibits or other evidence, must electronically e-file the same in PDF format in advance of the hearing, already pre-marked with exhibit stickers and chronologically numbered, for ease of reference and directing a witness's attention during remote proceedings. The pages of each exhibit, deposition, or declaration of other proffered evidence, must be sequentially numbered for ease of reference. Copies must be contemporaneously directed to opposing counsel.

Each exhibit **shall** be in PDF format unless the exhibit is an image file, audio file, or video file. The file name of each exhibit file **shall** state the name of the exhibit. A party wanting to offer any audio recordings or video recordings **shall** upload the labeled files to a folder in Dropbox, or similar cloud storage service, and **shall** include a link to the folder in the party's e-mail exhibit. All audio and video recordings **shall** be in the MP4 format. Unless critical to an issue in the case, a party must redact personal identifying information and sensitive personal information from an exhibit before submitting it.

## 8.    Exhibits with Rebuttal or Unanticipated Evidence

During the proceeding, and only with the permission of the court, a party may offer as rebuttal evidence, an exhibit, if the party could not have reasonably anticipated the need for such evidence before beginning the proceeding, through the Chat/File feature in Zoom and/or CourtCall videoconferencing.

## 9.    Submission of Orders, Pleadings, and Other Documents

A meaningful conference between opposing attorneys **shall** be required prior to court intervention. Parties and attorneys are hereby advised that the present public health crisis demands that whenever possible, attorneys come to an agreement without necessitating a hearing before the court.

The parties **shall** confer before the court proceeding, and at least 48 hours before the proceeding is scheduled to begin, **shall** e-mail opposing counsel or pro se litigant - whichever applies, electronic copies of all orders, pleadings, returns of citations, and other documents filed with the district clerk that are relevant to the proceeding. If the documents are too voluminous to attach to an e-mail, the parties **shall** upload the documents to a folder in Dropbox, or similar cloud-based storage service, and include a link to the folder in the e-mail. Each document **shall** be in PDF format with a file name that reflects the title of the document. However, if the document is an audio or video file, the party may use the file format described by paragraph 7 above.

## 10.    Electronic Signatures

In accordance with the Electronic Signatures in Global and National Commerce Act (E- Sign Act) and the Uniform Electronic Signatures Act, all parties will be allowed to electronically sign any necessary documents that are to be provided to the court.

## 11.    Submission of Late Responses and Replies

Each party shall e-mail to the court coordinator and each of the other parties any responses or replies the party e-filed with the district clerk, if less than 48 hours before the court proceeding. The e-mailing of such a document to the court coordinator is not a substitute for e- filing the document with the district clerk. No party shall include the judge or court coordinator as a service contact when e-filing a document.

**12.    Submission of Case Law, Statutes, Regulations, or Similar Documents**

If a party wants the court to consider any case law, statute, regulation, or similar document, the party **shall** e-mail to the court or court coordinator such case law, statute, regulation or similar document. Failure to comply with the procedures in this order for submitting proposed exhibits, information required by the court's local rules, responses and replies, or supporting statutes, case law, regulations, or similar documents without good cause may result, as applicable, in the exclusion of the exhibits, or the documents not being recognized by the court, or other sanction as provided by the court's local rules or inherent powers.

**13.    Dress Code and Location**

You are hereby advised that remote proceedings are official court proceedings. Therefore, all parties, witnesses, experts, or anyone involved in the proceeding **shall** appear in appropriate business attire.

Additionally, all parties, witnesses, experts, or anyone involved in the proceeding, **shall** be in an appropriate location, free from all distractions, while participating in the remote proceeding.

**14.    Opening in Zoom App**

Before the proceeding begins, when a person attempts to join a Zoom court proceeding from the Zoom webpage, the webpage will ask whether to open the Zoom app. Each person **shall** instruct Zoom to open the Zoom app and allow it to install the program and not rely on the web browser. In this way, the attorneys and parties will have the means to communicate confidentially in private breakout rooms, which are unavailable on the website-based plug-in.

**15.    Joining Proceeding before Scheduled Start**

The parties, attorneys, witnesses, and all other persons attending the proceedings s **all** join the proceeding on Zoom by clicking on the Zoom link sent by the court at least ten (10) minutes before the proceeding is scheduled to begin

**16.    Virtual Waiting Room**

When each person joins the meeting, the person will appear in a virtual waiting room with all other parties, attorneys and witnesses. There may be several cases sent on the docket at the same time. When the case is called, the court will bring the attorneys and clients into the virtual courtroom. When the court brings the attorneys and clients into the virtual courtroom, their video will automatically be on and their audio **shall** remain muted until the proceeding begins. The attorneys **shall** always appear on video during the proceeding, except when the court recesses the proceeding. As soon as your hearing is concluded, you are excused from the virtual courtroom.

**17.    Witnesses**

When taking the oath to testify and when testifying, **each witness shall appear on video**, unless the witness is in the presence of a notary public, identified to the court, who can verify the identity of the witness, in which case the witness may testify lhrough Zoom via audio only. Otherwise, all other potential witnesses who are not on video through zoom may not testify.

Unless permitted by the court or as provided below, a witness may not have access to any electronic information or physical notes while testifying, just as if the witness were on the witness stand in a courtroom. Except during a recess in the proceeding, no person **shall** communicate, verbally or non-verbally, with a witness through any method other than the video or audio means shared with all the participants in the proceeding who are present in the virtual courtroom. There will be no private chatting in the virtual courtroom between the participants without permission of the court. If "The Rule" is invoked, no one may communicate in any manner, including by telephone, text message, or e-mail, with any witness placed under the Rule, except as permitted by the Rule and then only during a recess in the proceeding. While placed under "the Rule," witnesses who are not testifying at the time, are prohibited from viewing the proceeding, including the court's YouTube live video link.

A list of witnesses **shall** be provided to the court no later than 48 hours before the scheduled hearing date.

All attorneys are reminded they are officers of the court and are expected to abide by all terms of the Texas Lawyer's Creed and ethical rules of conduct.

**18.    Muting of Microphone**

All persons participating in the proceedings except the Judge, the currently testifying witness, participating attorneys, or self-represented party, **shall** have their microphones muted.

**19.    Recesses**

The court may recess the proceeding for breaks or to allow attorneys to confer with their clients. If an attorney wishes to confer with a client, the attorney shall make that request to the court, identifying the client by name. The court will send those video streams into a confidential breakout room to confer for a period of no more than ten (10) minutes. In a similar manner, attorneys or self-represented parties may ask the court to confer privately with one another. An attorney or self-represented parties may ask the court to confer privately with one another. An attorney or self-represented party may ask the court to allow the attorney or self-represented party to confer privately with a witness

**20.    Defendants and/or Respondents in the Nueces County Jail**

All attorneys are advised that the jail is equipped with a computer, capable of Zoom and/or CourtCall videoconferencing, so that defendants and/or respondents in custody are able to participate in any essential hearings. Additionally, the jail has allowed 2P, and the 4th

and 5th floors of the jail, for attorneys to use for confidential communications when visiting their clients.

Also, the jail has made available an unrecorded telephonic line, Monday through Friday, from 8:00 a.m. to 4:00 p.m., by appointment only through the Sheriff's Office, so that attorneys and defendants and/or respondents may communicate remotely without exposing any party to any unnecessary risks or waiver of constitutionally protected privileges.

Per Sheriff Hooper, any attorney who calls and requests an attorney/client telephone conference, should fax that request to Jail Administration. For inmates housed at the Main Jail, use fax: 361.887.2240; for the inmates housed at the Annex, use fax: 361.289.4208. This request from the attorney needs to be sent Monday - Fliday between the hours of 8:00 a.m. to 4:00 p.m. Once the request is received, the request will be forwarded to Inmate Management. When the request is received at Inmate Management, the inmate will be taken to an office at the mutually agreed upon telephone time, Monday- Friday between the hours of 8:00 a.m. to 4:00 p.m. Any attorney's request for a telephone conference received after 4:00 p.m. will not be responded to until the following business day. If the attorney is requesting to talk to their client via telephone, but not requesting a specific time to speak with them, the attorney's telephone number will be taken down and the inmate will call from the unit using the designated attorney telephone line (which is a free attorney phone call). All phones used for said conferences are secure and not subject to monitoring or recording.

In addition, the Nueces County Sheriff's Office must be in compliance with the feeding schedules as per the Texas Commission on Jail Standards, so attorney telephone calls will NOT be completed during the hours of 4:30 a.m. to 5:30 a.m. or 10:30 a.m. to 11:30 a.m. or 4:30 p.m. to 5:30 p.m. In addition, attorney telephone calls will not impede inmate roll call or head counts. Please contact Sheriff's office for these times.

The attorneys are also advised that the Nueces County Jail is OPEN as usual for in person attorney visits

## 21.    No Circumvention of Order

No attorney, party, or witness may circumvent the terms of this order by having another person perform a task prohibited for that party or attorney.

## 21.    Special Provisions for Criminal Law Hearings

### a.    Waiver to be Signed by Defendant and the Attorney Representing the State

As a prerequisite to any felony criminal proceeding conducted through Zoom and/or CourtCall videoconferencing, the defendant **shall** be required to execute a waiver of the defendant's right to appear in court in person and with counsel. Waiver forms **shall** be included in the plea/MTR documents, and **shall** be signed by the defendant and the attorney representing the state, as required by the Code of Criminal Procedure, §27.18(a)(1).

**b.    Agreement Notifications**

If a plea offer is accepted or there is an agreed recommendation on an MTR, the defense attorney **shall** notify the court coordinator by e-mail and obtain a setting for said hearing.

**c.    Hearing Notifications**

The court coordinator **shall** send via email the hearing notices to the following persons:

    i.    the designated clerk in the District Clerk's office;
    ii.   the designated jail officer in the Nueces County Jail;
    iii.  the attorneys for the state and the defendant; and
    iv.  the designated court probation officer assigned to each court, who in turn will notify the specific probation officer assigned to that case

**d.    Telephone Number for Defendant on Bond**

If a pre-sentence investigation (PSI) is requested and the defendant is on Bond, the defendant's attorney shall also provide a working telephone number for the defendant, in order that the CSCD may contact the defendant and conduct a pre-sentence interview and prepare a PSI report prior to any plea.

**e.    Preparation of Bill of Costs**

Unless waived, the district clerk's office shall prepare the Bill of Costs and provide it to the prosecuting attorney assigned to the case for inclusion in plea documents.

**f.    Submission and Review of Plea Documents**

Not later than noon on the third business day prior to the plea/MTR hearing, the prosecuting attorney assigned to the case shall prepare the documents, for the plea hearing, sign the paperwork where indicated, and send said documents to the defendant's attorney for review.

The attorney and the defendant are to review the documentation, and the defendant is to initial and sign all applicable plea paperwork. The defendant's attorney shall follow these steps to secure the defendant's initials and signatures on the applicable paperwork:

    i.    Those defense attorneys that go to the jail in person, are to use the officers in the jail to assist in having the required documents initialed and signed;
    ii.   Those defense attorneys that do not go to the jail, will call the Sheriff's Office to set up an appointment to meet with their client, as set out in section twenty (20) above;

iii.   Review all required paperwork with the defendant; the jail will have a copy of all necessary admonishments;

iv.   Make sure that the defendant reviews, initials, and signs where required;

v.   Completion and filing of documents:

   A.   For those defense attorneys that go to the jail in person to meet with their clients and obtain the required initials and signatures with the assistance of the jail officers, those attorneys shall be responsible for scanning and e- filing the completed documents to the district clerk's office;

   B.   For those defense attorneys that do not go to the jail to meet with their clients in person; wherein the jail officers have assisted them in obtaining the necessary initials and signatures, the district attorney shall be responsible to scan and forward to the defense attorney for e-filing with the district clerk's office, the completed documents; or

   C.   For those defense attorneys who do not want the district attorney's office to scan and e-mail the completed documents to them for e-filing, said defense attorneys may call the Sheriff's Office to make arrangements to pick up the completed documents for scanning and e-filing to the district clerk's office.

vi.   The defense attorneys will e-file all plea and/or MTR paperwork. Each file must be a "Lead Document".

All necessary documents must be e-filed with the Nueces County District Clerk's office no later than 48 hours prior to the scheduled court date. All hearings, where the documents are not e-filed 48 hours in advance, will be canceled and defense counsel shall contact the court coordinator to obtain another hearing date.

g.   **Signing of Plea Documents by Defendant in Custody**

   i.   Documents delivered to the Nueces County Jail

   Multiple copies of all necessary documents are available' at the Nueces County Jail. The Local Administrative Judge has delivered to the jail, multiple copies of all necessary pleas, revocations, waivers, and other forms regularly used by the court during business.

   ii.   Attorney Communication

   Attorneys for defendants in custody are to contact the jail to schedule a date and time, prior to the scheduled court date, to set up a time for the attorney to review all necessary documents via an unrecorded telephone line.

h.   **Signing of the Plea Documents by Defendant on Bond**

   The attorney and the defendant are to review all necessary plea or revocation paperwork prior to the scheduled court date. Both the attorney and the defendant are to fill out all the necessary paperwork, e-file it, and submit it to the prosecutor

no later than 48 hours prior to the scheduled court date. If the documents are not e-filed 48 hours in advance of the scheduled date and time of the hearing, the hearing will be canceled, and the defense attorney shall contact the court coordinator to obtain another hearing date.

i.      **Submission of Completed Documents**

When any necessary plea or revocation documents are signed by all necessary parties, the documents are to be e-filed and submitted to the court no later than 48 hours prior to the proceeding. If the documents are not e-filed 48 hours in advance of the scheduled date and time of the hearing, the hearing will be canceled, and the defense attorney **shall** contact the court coordinator to obtain another hearing date.

22.    **Special Provisions for Criminal Law Hearings**

When the Court grants an application to interview a child in chambers in accordance with Section 153.009, Texas Family Code, the following procedures shall apply to the Court's interview with the child:

a.      The Court shall conduct the interview with the child using Zoom. The Court will notify the parties and attorneys by e-mail of the Zoom meeting, in which the Court will confer with the child or if more than one child, each will be interviewed child separately. The party in possession of the child at the time of the interview shall ensure the child is available at the time of the Zoom meeting and has possession of a separate device (for example, computer, tablet, smartphone) that the child will use to communicate with the Court during the interview.

b.      When the Court begins the Zoom meeting, the party in possession of the child or an adult designated by that party shall join the meeting, identify himself or herself to the Court, and then leave the room.

c.      While the Court is interviewing the child, no person may be present in the same room as the child or may be located outside of the room in which the child is physically located and/or within a distance in which the person can hear the child's interview.

d.      With the exception of the Court's court reporter, no person including the child, may record any statements of the child or the Court made during the interview.

e.      **Additionally, no parent, guardian or person in possession of the child, shall in any way instruct, coach or prompt the child immediately before or during the child's interview with the court. Any parent, guardian or person in possession of the child, is subject to contempt of court for violation of this provision.**

**IT IS FURTHER ORDERED** that in compliance with the Open Courts provision of the Texas Constitution:

    I.    The Office of Court Administration is providing Judges the ability to stream and host court proceedings via Zoom and/or CourtCall videoconferencing, via YouTube.

Under the Open Courts provision of the Texas Constitution, all courts are required to maintain public access. In general, court proceedings, are presumptively open to the public in Texas state Courts. This YouTube Channel is setup to comply with that provision, however recording of these proceedings is strictly prohibited. Participants and viewers are hereby admonished that violators are subject to the Court's contempt powers. The punishment for contempt of a court is a fine or note more than $500 or confinement in the county jail for not more than six (6) months, or both such a fine and confinement in jail. Tex. Gov. Code, Sec. 21.002.

**THESE ORDERS SHALL REMAIN IN FULL FORCE AND EFFECT UNTIL SET ASIDE.**

28th Judicial District Court
Hon. Nanette Hasette

117th Judicial District Court
Hon. Sandra Watts

94th Judicial District Court
Hon. Bobby Galvan

347th Judicial District Court
Hon. Missy Medary

319th Judicial District Court
Hon. David Stith

148th Judicial District Court
Hon. Carlos Valdez

214th Judicial District Court
Hon. Inna Klein

105th Judicial District Court
Hon. Jack Pulcher

Title IV-D Court
Hon. Susan E. Barclay

DUE TO THE CORONAVIRUS (COVID-19) CRISIS
NUECES COUNTY RESOLUTION REGARDING THE CANCELLATION OF JURY TRIALS IN THE
DISTRICT COURTS AND COUNTY COURTS AT LAW OF NUECES COUNTY , TEXAS

Due to the coronavirus (COVID-19) crisis and to ensure the safety of the public,
court staff(s), and litigants, and pursuant to the 33rd Emergency Order of the Supreme
Court of Texas and the Certified Nueces County Re-Opening Plan approved by the
District and County Court at Law Judges on December 14, 2020 and submitted to the
Office of Court Administration after approval by the Nueces County Health District and
the Fifth Administrative Region, it has been determined by the Nueces County Health
District that in-person hearings and jury trials should be cancelled until May 1, 2021 due
to the levels of contagion in the County.

**IT IS THEREFORE ORDERED that all civil, criminal, and family law jury trials are
cancelled until May 1, 2021.**

This Order is effective February 2, 2021 and will apply to the District Courts and
County Courts at Law of Nueces County, except as amended or supplemented by the
Presiding Judge of County Court at Law No. 5.

Signed this 2nd day of February, 2021.

Hon. Inna Klein
Local Administrative Judge

FILED

MAR 0 4 2021

ANNE LORENTZEN, CLERK
COUNTY & DISTRICT COURTS NUECES COUNTY, TEXAS
BY_____DEPUTY

SCANNED

MAR 0 4 2021

ANNE LORENTZEN, CLERK
COUNTY & DISTRICT COURTS NUECES COUNTY, TEXAS
BY_____DEPUTY

# EXHIBIT A-2

10 / 13 / 22
BY: _JM_   PSC: 20023
ATX Process, LLC



**Citation for Personal Service – RESIDENT**

Case Number: <u>**2022CCV-61278-4**</u>

THE STATE OF TEXAS

NOTICE TO DEFENDANT:   You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

TO:   **Lowe's Home Centers, LLC et al**
      **Plaintiff via Agent, Corporation Service Company dba CSC Lawyers Incorporating Service**
      **211 E. 7th Street, Suite 620**
      **Austin, Texas 78701**
the Defendant,

GREETING:  You are commanded to appear by filing a written answer to the **Plaintiff's Original Petition With Attached Covid Standing Orders And Notice** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the <u>**Honorable Mark H. Woerner**</u>, <u>**County Court at Law #4**</u> of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said **Petition** was filed on the 11th day of October, 2022.  A copy of same accompanies this citation. The file number of said suit being Number:  **2022CCV-61278-4**

The style of the case is:  **Marcos Gallegos vs. Lowe's Home Centers, LLC, Lowe's Companies, Inc.**

Said Petition was filed in said court by **Nicholas A. Monroe**, attorney for Plaintiff, whose address is 2211 Norfolk Ste. 620, Houston, Tx 77098.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirement of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Corpus Christi, Texas, this 13th day of October, 2022.

**ANNE LORENTZEN, DISTRICT CLERK**
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401

10/13/2022 10:21:50 AM

BY: _Laura G Munoz_ , Deputy
Laura Munoz

# EXHIBIT A-3

## CAUSE NO. 2022CCV-61278-4

| | | |
|---|---|---|
| **MARCOS GALLEGOS** | § | **IN THE COUNTY COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **AT LAW NO. 4** |
| | § | |
| **LOWE'S HOME CENTERS, LLC** | § | |
| **AND LOWE'S COMPANIES, INC.** | § | |
| *Defendants.* | § | **NUECES COUNTY, TEXAS** |

## <u>DEFENDANT, LOWE'S HOME CENTERS, LLC'S ORIGINAL ANSWER</u>

COMES NOW, Defendant, Lowe's Home Centers, LLC ("LHC"), in the above-entitled and numbered cause, and files this, its Original Answer, and in support thereof, would respectfully show the Court as follows:

## <u>GENERAL DENIAL</u>

1.     Defendant, LHC, denies each and every, all and singular, of the material allegations raised in this cause of action by Plaintiff, and asserts the general denial as provided by Rule 92 of the Texas Rules of Civil Procedure, and demands that strict proof be made thereof.

## <u>INFERENTIAL REBUTTALS</u>

2.     Notwithstanding the foregoing, LHC asserts the following by way of inferential rebuttal and request that the Court instruct the jury as follows:

    a)  The alleged damages in question as set forth in the petition were caused by the conduct of Plaintiff, and that said conduct destroyed any causal connection between the alleged acts or omissions of LHC and the injuries complained of thus becoming an independent, superseding, or intervening cause of the Plaintiff's alleged damages; and

    b)  The acts or omissions of Plaintiff or a third party were the sole cause of the damages alleged in the Petition and therefore, LHC is not liable to the Plaintiff.

1

**AFFIRMATIVE DEFENSES**

3.      Pleading further, and in the alternative, and by way of affirmative defense, Defendant asserts that any damages Plaintiff seeks to recover should be reduced to the extent that Plaintiff failed to take the reasonable steps that a person of ordinary prudence in a similar situation would have taken to avoid the damages claimed in this lawsuit.

4.      Pleading further, and in the alternative, Defendant asserts that it is not liable to Plaintiff because Plaintiff's claim for negligence is barred by the two-year statute of limitations in Texas Civil Practice & Remedies Code § 16.003(a).

5.      Pleading further, and in the alternative, Defendant asserts that Plaintiff's alleged damages, if any, were solely caused by the conduct of other parties, including Plaintiff, or alternatively, that the conduct of other parties, including Plaintiff, constituted an intervening cause of Plaintiff's damages. Therefore, Defendant is not liable for such damages.

6.      Pleading further, and in the alternative, Plaintiff's claim for negligence is barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted.

7.      Pleading further, and in the alternative, Defendant hereby requests that the trier of fact in this matter, after a trial on the merits, consider and determine the percentage of responsibility of Plaintiff and any other party or responsible third-party pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code.

8.      Pleading further, and in the alternative, Defendant asserts that in the event that an adverse judgment is rendered against it, Defendant respectfully requests all available credits and/or offsets as provided by the Texas Civil Practices and Remedies Code and under Texas Law.

9.     Pleading further, and in the alternative, Defendant asserts that in addition to any other limitations under law, Plaintiff's recovery of medical or health care expenses be limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to Section 41.0105 of the Texas Civil Practices & Remedies Code.

10.     Pleading further, and in the alternative, Plaintiff's claims, if any, for lost wages and/or loss of future earning capacity are barred, limited, restricted, and/or governed by the provisions of the Texas Civil Practice & Remedies Code Chapter 18, and any other applicable statute concerning the recovery of damages and the common law of Texas and limited same to the net loss after reduction for income tax payments or unpaid tax liability thereon. Accordingly, Defendant specifically pleads the limitations, restrictions and/or bar on the recovery by Plaintiff of such damages in accordance with Chapter 18 and other applicable law.

11.     Defendant hereby gives notice that it intends to rely upon such other defenses or denials, affirmative or otherwise, and to assert third-party claims and any other claims, as may become available or appear during discovery as it proceeds in this matter, and hereby reserved the right to amend its Original Answer to assert such defenses.

## JURY DEMAND

12.     In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a trial by jury.

## PRAYER

WHEREFORE, Defendant LHC, after having fully answered, respectfully requests that Plaintiff takes nothing by reason of his suit against LHC, and that LHC be allowed to recover its costs and attorney's fees; and be awarded such other and further relief, both in law and equity, as the Court may deem just and proper.

Respectfully submitted,

By: */s/ Monté L. Williams*
       Monté L. Williams
       State Bar No.: 24123580
       monte.williams@steptoe-johnson.com
       Brice P. Phillips
       State Bar No.: 24125358
       brice.phillips@steptoe-johnson.com
STEPTOE & JOHNSON PLLC
1780 Hughes Landing Boulevard, Suite 750
The Woodlands, Texas   77380
281.203.5700
281.203.5701 (facsimile)

***Attorneys for Defendant,***
***Lowe's Home Centers, LLC.***

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 2nd Day of November, 2022, a true and correct copy of the

foregoing instrument has been forwarded to all parties listed below via e-service, first class mail,

certified mail, return receipt requested, email and/or via facsimile:

Nicholas A. Monroe                         ***Via E-service***
BANDAS LAW FIRM, P.C.
2211 Norfolk, Suite 620
Houston, Texas 77098
nmonroe@bandaslawfirm.com


/s/ *Monté L. Williams*
Monté L. Williams

# EXHIBIT A-4

Filed
11/9/2022 11:33 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

## CAUSE NO.  2022CCV-61278-4

| | | |
|---|---|---|
| **MARCOS GALLEGOS** | § | **IN THE COUNTY COURT** |
| *Plaintiff*, | § | |
| | § | |
| **VS.** | § | **AT LAW NO. 4** |
| | § | |
| **LOWE'S HOME CENTERS, LLC** | § | |
| **AND LOWE'S COMPANIES, INC.** | § | |
| *Defendant*, | § | **NUECES COUNTY, TEXAS** |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Marcos Gallegos hereinafter sometimes referred to as "Plaintiff", and files this First Amended Original Petition complaining of Defendant LOWE'S HOME CENTERS, LLC, LOWE'S COMPANIES, INC., JOHN DOE I, and JOHN DOE II hereinafter called "Defendants," and in support would show the Court as follows:

### I.     Discovery

1.1     Pursuant to the Texas Rules of Civil Procedure Sections 190.1 and 190.3, the discovery of this case is to be conducted under Discovery Control Plan Level 2.

### II.     Parties and Service

2.1     Plaintiff Marcos Gallegos is a resident of Texas.

2.2     Defendant Lowe's Home Centers, LLC (hereinafter "LOWE'S HOME") is a foreign limited liability company organized and existing under the laws of North Carolina, but doing business in the State of Texas, whose principal place of business is located at 1000 Lowe's Blvd., TAX52, Mooresville, NC 28117. Defendant LOWE'S HOME has appeared and answered herein. Service of this amended pleading shall be provided to its attorney of record pursuant to the Texas Rules of Civil Procedure.

2.3     Defendant Lowe's Companies, Inc. (hereinafter "LOWE'S COMPANIES") is a foreign corporation, organized and existing under the laws of North Carolina, but doing business in the State of Texas, and whose principal place of business is located at 1605 Curtis Bridge Road, Wilkesboro, NC 28697.   Defendant LOWE'S COMPANIES may be served by serving its registered agent, Corporation Service Company, dba CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

2.4     Defendant John Doe I, is an individual who was employed by or an independent contractor furthering the business of Defendant LOWE'S HOME and/or Defendant LOWE'S COMPANIES at the time of the incident giving rise to this action, is a Texas resident, and may be served with process wherever he may be found.

2.5     Defendant John Doe II, is an individual who was employed by or an independent contractor furthering the business of Defendant LOWE'S HOME and/or Defendant LOWE'S COMPANIES at the time of the incident giving rise to this action, is a Texas resident, and may be served with process wherever he may be found.

### III.     Jurisdiction and Venue

3.1     This Court has jurisdiction in this cause since the damages to Plaintiff are within the jurisdictional limits of this Court.

3.2     Pursuant to §15.001 et seq. of the Texas Civil Practice and Remedies Code, this venue is proper because Nueces County is where all or a substantial part of the events or omissions giving rise to this claim occurred.   Further, this venue is proper because it best serves the convenience of the parties and witnesses, as well as the interests of justice.

3.3     Plaintiff has satisfied all conditions precedent to bringing this lawsuit.

3.4     Plaintiff did nothing to cause or contribute to this occurrence.

3.5     Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks recovery of damages for monetary relief over $1,000,000.  In the alternative, Plaintiff seeks recovery of damages for monetary relief under $1,000,000, but in excess of $200,000.

## IV.     Agency

4.1     Wherever in this Petition it is alleged that Defendants did any act or thing, it is meant that Defendants' officers, agents, servants, employees, or representatives did such an act or thing and that at the time such act or thing was done, it was done with the full authority or ratification of or by Defendants, or was done in the normal and routine course and scope of employment or official duties and in furtherance of the duties of their office or employment of Defendants' officers, agents, servants, employees, or representatives.

## V.     Facts

5.1     On or about December 5, 2020, Plaintiff was a guest at Defendants LOWE'S HOME and/or LOWE'S COMPANIES' store located at 1530 Airline Road in Corpus Christi, Texas.  Next to the entrance to the store, John Doe I and/or John Doe II, Defendants LOWE'S HOME and/or LOWE'S COMPANIES' employees and/or independent contractors acting in the furtherance of their business, were moving wooden pallets to set up product displays.  In doing so, the wooden pallets broke apart and a piece of broken wood stuck out from the pallet creating a dangerous hazard for customers entering and leaving the store.  Defendants John Doe I, John Doe II, LOWE'S HOME, and/or LOWE'S COMPANIES knew or should have known the pallets were broken from their ongoing activity and knew or should have known the broken wood pallets created a dangerous condition for those entering and leaving the store. Defendants John Doe I, John Doe II, LOWE'S HOME, and/or LOWE'S COMPANIES also failed to perform a reasonable inspection near the entranceway of the store to discover the broken piece of wood sticking out

from the pallet. Because Defendants John Doe I, John Doe II, LOWE'S HOME and/or LOWE'S COMPANIES failed to adequately warn of the condition and/or failed to make the condition reasonably safe, Plaintiff tripped over the piece of broken wood sticking out from the pallet and suffered serious personal injuries.

## VI.    Respondeat Superior

6.1    The Defendants named herein at all times acted through their agents, servants and employees and are therefore liable for their negligent acts and omissions under the doctrine of *respondeat* superior.

## VII.    Negligence

7.1    The incident made the basis of this lawsuit resulted from the improper conduct of Defendants John Doe I and/or John Doe II. The conduct of Defendants John Doe I and/or John Doe II, acting in the course and scope of their employment with Defendants LOWE'S HOME, and/or LOWE'S COMPANIES, or as independent contractors acting in the furtherance of the business of Defendants LOWE'S HOME, and/or LOWE'S COMPANIES, constituted negligence as that term is understood in the law and such negligent conduct was a proximate cause of the occurrence, injuries, and damages to Plaintiff made the basis of this suit.

7.2    Defendants John Doe I and/or John Doe II had a duty to exercise ordinary care in moving wooden pallets and setting up displays in a reasonable and prudent manner. Defendants John Doe I and/or John Doe II breached their duty of care. Their negligent actions and/or omissions include, but are not limited to, moving broken wooden pallets and/or breaking the wooden pallets in moving them, and setting the broken wooden pallets as part of a display near the entranceway of Defendants LOWE'S HOME, and/or LOWE'S COMPANIES' store, and/or other acts of negligence. Such negligence was a proximate cause of Plaintiff's injuries and damages.

7.3    As a result of Defendants' acts of negligence as set out above, Plaintiff suffered significant injuries.

## VIII.   Premises Liability

8.1    The condition of the broken piece of wood near Defendants' store entranceway posed an unreasonable risk of harm to Plaintiff on the date of the incident.  Defendants had a duty to make the premises reasonably safe to invitees, such as Plaintiff.  Defendants knew, or reasonably should have known, of the danger posed by the defective condition. Defendants had actual knowledge of the dangerous condition, or they should have known through reasonable inspection, yet they failed to exercise ordinary care to protect Plaintiff from the danger by failing to make the condition reasonably safe.

8.2    As a result of Defendants' acts of negligence as set out above, Plaintiff suffered significant injuries.

## IX.    Causation

9.1    The incident made the basis of this suit and the resulting injuries and damages to Plaintiff were proximately caused by the negligent acts of omission and/or commission of the Defendants, their agents, servants and/or employees who were acting within the course and scope of their employment.

## X. Damages

10.1    As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of Defendants, Plaintiff sustained significant injuries and damages in the past and will, in reasonable probability, sustain these damages in the future.

10.2    Plaintiff respectfully requests that the trier of fact determine the amount of his damages and losses that he has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

    a.    past and future physical pain and suffering and mental anguish;

    b.    past and future disfigurement;

    c.    past and future physical impairment;

    d.    past and future medical care expenses;

    e.    past and future loss of earning capacity; and

    f.    past and future out-of-pocket economic losses.

10.3    Because of all of the above and foregoing, Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of the Court in which Plaintiff now brings suit.

10.4    Plaintiff seeks both pre-judgment and post-judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which he may be entitled.

## XI. Preservation of Evidence

11.1    Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs; videotapes; audiotapes; recordings; business or medical records; bills; estimates; invoices; checks; measurements; correspondence; memoranda; files; any item which has been removed from the premises which was involved in the incident; facsimile; email; voicemail; text messages; investigation; cellular telephone records; calendar entries; and any electronic image, data, or information related to Plaintiff, the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute spoliation of the evidence.

## XII. Jury Demand

12.1    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff respectfully requests and demands a trial by jury. The appropriate jury fee is tendered with the filing of this pleading.

## XIII. Rule 193.7 Notice

13.1    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against the Defendants producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Plaintiff recovers damages in accordance with the evidence, that Plaintiff recovers costs of court herein expended, that Plaintiff recovers interest to which Plaintiff is justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

By:    */s/ Nicholas A. Monroe*
Nicholas A. Monroe
Texas Bar No. 24108917
nmonroe@bandaslawfirm.com
BANDAS LAW FIRM, P.C.
2211 Norfolk, Suite 620
Houston, Texas 77098
Telephone: (713) 979-5200
Facsimile: (361) 698-5222
Attorney for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to opposing counsel, as listed below on the 9th day of November 2022.

**Via E-File**
Monté L. Williams
State Bar No.: 24123580
monte.williams@steptoe-johnson.com
Brice P. Phillips
State Bar No.: 24125358
brice.phillips@steptoe-johnson.com
STEPTOE & JOHNSON PLLC
1780 Hughes Landing Boulevard, Suite 750
The Woodlands, Texas 77380
281.203.5700
281.203.5701 (facsimile)
Attorneys for Defendant,
Lowe's Home Centers, LLC

*/s/ Nicholas A. Monroe*
Nicholas A. Monroe

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Marie Soto on behalf of Nicholas Monroe
Bar No. 24108917
msoto@bandaslawfirm.com
Envelope ID: 70019183
Status as of 11/9/2022 12:01 PM CST

Associated Case Party: Marcos Gallegos

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Marie Soto | | msoto@bandaslawfirm.com | 11/9/2022 11:33:58 AM | SENT |
| Nicholas AMonroe | | nmonroe@bandaslawfirm.com | 11/9/2022 11:33:58 AM | SENT |

Associated Case Party: Lowe's Home Centers, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brice Phillips | | brice.phillips@steptoe-johnson.com | 11/9/2022 11:33:58 AM | SENT |
| David Ashton | | david.ashton@steptoe-johnson.com | 11/9/2022 11:33:58 AM | SENT |

# EXHIBIT A-5

Skip to Main Content Logout My Account Search Menu New Civil & Family Search Refine Search  Back    Location : All Courts    Help

# REGISTER OF ACTIONS
## CASE NO. 2022CCV-61278-4

| | | | |
|---|---|---|---|
| Marcos Gallegos vs. Lowe's Home Centers, LLC and Lowe's Companies, Inc. | § § § § § | Case Type: | **Injury or Damage - Other** |
| | | Date Filed: | **10/11/2022** |
| | | Location: | **CCAL4** |

---

### PARTY INFORMATION

| | | **Attorneys** |
|---|---|---|
| Defendant | John Doe I | |
| Defendant | John Doe II | |
| Defendant | Lowe's Companies, Inc | |
| Defendant | Lowe's Home Centers, LLC | Monte L Williams<br>*Retained*<br>281-203-5700(W) |
| Plaintiff | Gallegos, Marcos | Nicholas A Monroe<br>*Retained*<br>361-698-5200(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 10/11/2022 | **Original Petition (OCA)** | | |
| 10/11/2022 | **Original Petition Documents E-filed** (Judicial Officer: Woerner, Mark H. ) | | |
| | *Plaintiff's Original Petition* | | |
| 10/11/2022 | **Service Request Information Sheet** | | |
| | *Service Requested* | | |
| 10/13/2022 | **Citation** | | |
| | Lowe's Home Centers, LLC | Served | 10/13/2022 |
| | | Response Due | 11/07/2022 |
| | | Returned | 10/17/2022 |
| 10/17/2022 | **Proof of Service** | | |
| | *Return of Service/Citation to Lowe's Home Centers, LLC-served1* | | |
| 10/31/2022 | **Service Request Information Sheet** | | |
| | *Service Requested* | | |
| 11/02/2022 | **Original Answer** | | |
| | *Defendant, Lowe's Home Centers, LLC's Original Answer* | | |
| 11/07/2022 | **Citation** | | |
| | Lowe's Companies, Inc | Unserved | |
| 11/08/2022 | **Service Request Information Sheet** | | |
| | *Service Requested* | | |
| 11/09/2022 | **Citation** | | |
| | Lowe's Companies, Inc | Unserved | |
| 11/09/2022 | **Amended Petition** | | |
| | *Plaintiff's First Amended Original Petition* | | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Gallegos, Marcos | | | |
| | Total Financial Assessment | | | 374.00 |
| | Total Payments and Credits | | | 374.00 |
| | **Balance Due as of 11/14/2022** | | | **0.00** |
| | | | | |
| 10/12/2022 | Transaction Assessment | | | 358.00 |
| 10/12/2022 | E-file Payment | Receipt # 2022-11394-DCCLK | Gallegos, Marcos | (221.00) |
| 10/12/2022 | State Credit | | | (137.00) |
| 11/02/2022 | Transaction Assessment | | | 8.00 |
| 11/02/2022 | E-file Payment | Receipt # 2022-12232-DCCLK | Gallegos, Marcos | (8.00) |
| 11/08/2022 | Transaction Assessment | | | 8.00 |
| 11/08/2022 | E-file Payment | Receipt # 2022-12482-DCCLK | Gallegos, Marcos | (8.00) |

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THESOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARCOS GALLEGOS | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. _____ |
| | § | (Nueces County Cause No.: 2022CCV-61278-4 |
| LOWE'S HOME CENTERS, LLC | § | |
| AND LOWE'S COMPANIES, INC. | § | |
| *Defendants.* | § | |

## LIST OF COUNSEL OF RECORD

### 1.  COUNSEL FOR PLAINTIFF MARCOS GALLEGOS

Nicholas A. Monroe
BANDAS LAW FIRM, P.C.
2211 Norfolk, Suite 620
Houston, Texas 77098
Telephone: (713) 979-5200
nmonroe@bandaslawfirm.com

### 2.  COUNSEL FOR DEFENDANT LOWE'S HOME CENTERS, LLC

Catherine V. Funkhouser
State Bar No. 24037307 (S.D. Tex. No. 38779)
Cate.funkhouser@steptoe-johnson.com
Brice P. Phillips
State Bar No. 24125358 (S.D. Tex. No. PENDING)
Brice.phillips@steptoe-johnson.com
Steptoe & Johnson PLLC
1780 Hughes Landing Blvd., Suite 750
The Woodlands, Texas 77380
Telephone: (281) 203-5700

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THESOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | | |
|---|---|---|---|
| MARCOS GALLEGOS | § | | |
| *Plaintiff,* | § | | |
| | § | | |
| v. | § | CASE NO. _____ | |
| | § | (Nueces County Cause No.: 2022CCV-61278-4 | |
| LOWE'S HOME CENTERS, LLC | § | | |
| AND LOWE'S COMPANIES, INC. | § | | |
| *Defendants.* | § | | |

**INDEX OF STATE COURT DOCUMENTS AND MATTERS FILED**

| No._____ | Date File or Date Entered | Document |
|---|---|---|
| A | N/A | |
| A-1 | Oct. 11, 2022 | Plaintiff's Original Petition |
| A-2 | Oct 13, 2022 | Citation |
| A-3 | Nov. 11, 2022 | LHC's Original Answer |
| A-4 | Nov. 9, 2022 | Plaintiff's First Amended Petition |
| A-5 | N/A | State Court Docket Sheet |
| B | N/A | List of Counsel of Record |
| C | N/A | Index to Notice of Removal |